**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEVIN JOHNSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-06-3076 |
| JON P. GALLEY, Warden, and LT. R.M. FRIEND | : | |
| | : | |
| Defendants | | |

o0o

## MEMORANDUM

On December 29, 2006, Plaintiff filed correspondence in the above-captioned case asserting that he had received an anonymous written death threat. Paper No. 8. Defendants have filed a Response to Order to Show Cause, addressing both the original allegations raised in the Complaint and Plaintiff's recent correspondence. Paper No. 10. At issue is whether Plaintiff is being improperly denied protective custody, entitling him to injunctive relief.

Plaintiff alleges that his life is being threatened because he reported a sexual assault. Paper No. 1. He asserts that he has requested protective custody from Defendants but has been denied. The anonymous death threat, presumably written by another inmate, calls Plaintiff a snitch and threatens he will be killed. Paper No. 8. Defendants assert that when Plaintiff claimed his life was in danger, he was moved to administrative segregation pending an investigation and, upon determining that the allegations were unfounded, he was released to general population. Paper No. 10 at Ex. 1. Plaintiff is currently assigned to disciplinary segregation where he is scheduled to stay until September of this year. Id. Defendants claim that the only inmate Plaintiff currently has regular contact with is his cell mate. Id. Plaintiff was interviewed regarding the correspondence filed with this court and Plaintiff did not request any change in his housing assignment. Id. In short,

Defendants assert that there is no basis for Plaintiff's allegation that he has been improperly denied protective custody or that his life is currently threatened.

The legal standard to apply in considering an application for injunctive relief is set forth in Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted.  See  Blackwelder, 550 F.2d at 195-96; see also Ciena Corp. v. Jarrard, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1992.)   In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989); see also Dan River, Inc. v. Icahn, 701 F.2d 278, 284 (4th Cir. 1983).

In light of the evidence produced by Defendants, it appears that Plaintiff is not entitled to the injunctive relief sought and that there is no basis for the monetary relief sought in the Complaint.  Accordingly, Defendants' Response to Show Cause Order shall be construed as a Motion for Summary Judgment.  Plaintiff will be granted thirty days to file a Response in Opposition to the Motion.  Plaintiff is forewarned that failure to file a response will result in dismissal of the

Complaint without further warning from the court.  A separate Order follows.

|  |  |
|---|---|
| Date: 1/9/07 | /s/<br>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE |