**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN JOHNSON | : |
|    Plaintiff | : |
| v | :      Civil Action No. RWT-06-3076 |
| JON P. GALLEY, Warden, and LT. R.M. FRIEND | : |
| | : |
|    Defendants | |

o0o

## MEMORANDUM OPINION

Pending in the above-captioned case is Defendants' Motion for Summary Judgment. Paper No. 10.[1] Plaintiff has filed Responses in opposition to the motion. Papers No. 14 and 16. Defendants have filed a Reply addressing Plaintiff's additional allegations that he has received additional threatening notes while this case has been pending. Paper No. 21. Upon review of the papers filed, the undersigned finds a hearing unnecessary to the disposition of this case. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion shall be granted.

**Background**

Plaintiff alleges his life has been threatened because he reported a sexual assault. Paper No. 1 at ¶ 4. Specifically, Plaintiff filed correspondence alleging that he received a written death threat wherein he is called a "snitch." Paper No. 8 at p. 2. The note makes reference to Plaintiff reporting an alleged assault by a fellow inmate named "Fleet." Id. The threats specify that Plaintiff's food will be poisoned. Id., see also Paper No. 16 at pp. 4– 5. Plaintiff states that the anonymous death threats are credible because they demonstrate that the writer has knowledge of Plaintiff's fish allergy and that he is on a 2400-calorie-per-day diet. Paper No. 16 at p. 6. He claims that he informed the

---

[1] The motion was originally filed as a Response to Show Cause Order which was construed as a motion for summary judgment because the pleading contained evidence indicating that Plaintiff was not entitled to the relief sought. Papers No. 11 and 12.

administration of the threat, and asserts that the administration refused his repeated requests for protective custody despite this information. Paper No. 1 at ¶ 4.

Plaintiff seeks various forms of injunctive relief from the court, including a transfer to another prison, placement on protective custody, and/or assignment to single cell status. Paper No. 19. Plaintiff states that he believes his life is endangered by sharing a cell with another inmate. Id. He further reasons that his only recourse is to "bring bodily harm to my cell partner in order to ensure my personal physical safety." Id. at p. 2. He further claims that assignment to a single cell for the remainder of his disciplinary segregation time would help him avoid further institutional disciplinary charges and keep him safe from physical harm. Id. Plaintiff also seeks "compensatory and punitive damages" as this court may deem appropriate. Paper No. 1 at p. 4.

After Defendants filed their Response to Show Cause, Plaintiff filed correspondence in this case indicating that he was attacked by his cell mate. Paper No. 23. Specifically he alleges he was stabbed in the arm and tied to his bunk by Alfonso Alegria. Id. Defendants were required to supplement their response addressing Plaintiff's allegation. Paper No. 27. According to documents filed by Defendants, Plaintiff represented in a report that he was sexually assaulted by his cell mate, but shortly after his initial report, he recanted this statement and admitted to concocting the incident in an attempt to be moved to another cell. Paper No. 28 at Ex. 2.[2]

**A.     Plaintiff's Request for Injunctive Relief**

The legal standard for injunctive relief reqests is set forth in <u>Blackwelder Furniture Co. v. Seilig Manufacturing Co.</u>, 550 F.2d 189 (4th Cir. 1977). Under <u>Blackwelder</u>, injunctive relief may be granted only if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if

---

[2] Despite the fact that Plaintiff recanted the incident report, he was provided with a medical exam which revealed no evidence of injury. Paper No. 28 at Ex. 3. There were no physical signs Plaintiff had been sexually assaulted or stabbed. Id.

the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. Blackwelder, 550 F.2d at 193; see also Ciena Corp. v. Jarrard, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is by itself a ground upon which to deny a preliminary injunction. See Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1992.)   In addition, the harm must be "neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989); see also Dan River, Inc. v. Icahn, 701 F.2d 278, 284 (4th Cir. 1983).

Plaintiff has failed to show that he will suffer irreparable harm if this court does not order his placement on protective custody or transfer to another prison.  Defendants have submitted a sworn declaration stating that Plaintiff was interviewed about the anonymous notes he received and stated he was no longer concerned about his safety because Fleet was no longer incarcerated at WCI. Paper No. 21 at Ex. 1.  Plaintiff does not deny that Fleet is no longer incarcerated at WCI, but rather complains that officials continued to allow Fleet to work as a food server in the Administrative Segregation housing unit where Plaintiff was housed after he told them that Fleet had assaulted him.

Plaintiff has presented no evidence indicating there is a present threat to his physical safety requiring injunctive relief from this court.  Evidence submitted by Defendants refute Plaintiff's claim that he was stabbed and sexually assaulted by his cell mate.  Paper No. 28.   Accordingly, Plaintiff's requests for injunctive relief shall be denied.

**B. Defendants' Motion for Summary Judgment**

### Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. See Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. Id. (citing Gill v. Rollins Protective Servs. Co., 773 F.2d 592, 595 (4th Cir. 1985)). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. Celotex, 477 U.S. at 323 ("a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial"). Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. See Anderson, 477 U.S. at 256.

In Celotex, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e)

> therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Celotex, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"  Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966)).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

**Analysis**

To prevail on his claim for damages, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm.  See  Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's claim concerns actions taken after he was sexually assaulted by another inmate.  He asserts that Defendants exhibited deliberate indifference to his safety when they refused to assign him to protective custody or provide him with a single cell while he was serving his disciplinary segregation sentence.  His subsequent claim that his cell mate assaulted him  appears to have been manufactured in an attempt to bolster the claim he should have been provided with a single cell.  In light of the evidence presented establishing that the matter was investigated despite the inconsistency in Plaintiff's statements and revealed no evidence that an assault had taken place,

there is no basis to find that Plaintiff suffered harm as a result of Defendants' refusal to assign him to protective custody or a single cell. There is no evidence that Defendants disregarded a serious risk of harm to Plaintiff. Accordingly, Defendants are entitled to summary judgment, and their motion will be granted by separate order.


<u>August 1, 2007</u>                                            <u>            /s/            </u>
Date                                                         Roger W. Titus
                                                             United States District Judge